WRENN v. STATE. (No. 4813.)

(Court of Criminal Appeals of Texas. Jan. 23, 1918.)

1. WITNESSES &#9758;337(5) — IMPEACHMENT — OTHER OFFENSES—MISDEMEANORS.

In prosecution for violating local option law, it was improper to permit defendant to be asked about pending or past cases involving misdemeanors, unless they involved legal or moral turpitude.

2. WITNESSES &#9758;337(6) — IMPEACHMENT — OTHER OFFENSES — MISDEMEANORS — "PANDERING."

In prosecution for violating local option laws, it was improper to ask accused whether he had been charged with pandering, where the result of the examination as to such matter showed that he had been arrested for being found in a room with a woman, which does not constitute pandering.

3. WITNESSES &#9758;379(4)—IMPEACHMENT.

A written statement by the prosecuting witness in conflict with his testimony on the trial should have been admitted.

Appeal from Hunt County Court; A. J. Gates, Judge.

Ollie Wrenn was convicted of violating the local option law, and he appeals. Reversed and remanded.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law; his punishment being assessed at a fine of $25, and 20 days' imprisonment in the county jail.

[1, 2] There was a sharp issue as to whether defendant did or did not sell intoxicants. The defendant took the stand and testified in his own behalf, and was asked many questions by the state as to pending or past cases against him for violation of the criminal laws; one or more felonies, the remainder being misdemeanors. Several of the cases about which he was asked and required to testify were gaming cases. Upon another trial none of these misdemeanor matters will be permitted to be introduced against him by way of impeachment, unless they involve legal and moral turpitude. Gaming has been held not to be within the above category. He was also asked if he had not been charged with pandering. He answered that he did not know. The result of the examination in regard to this matter was that he had been arrested for being found in a room with a woman. This is not pandering. The question was decided in the case of Hewitt v. State, 71 Tex. Cr. R. 243, 158 S. W. 1120.

[3] There is another bill of exceptions showing that the witness upon whom the state relied for a conviction had previously signed a written statement in conflict with his testimony delivered upon the trial. This was offered in evidence, but was rejected. While the bill is somewhat informal, upon another trial the written statement of the prosecuting witness, in conflict with his testimony on the trial, should be admitted.

The judgment is reversed, and the cause remanded.